Mark L. Javitch (CA SBN 323729)
Javitch Law Office
480 S. Ellsworth Ave
San Mateo, CA 94401
Telephone: 650-781-8000
Facsimile: 650-648-0705
mark@javitchlawoffice.com
*Attorney for Plaintiff* and the Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LAWRENCE PASCAL, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>JRX CAPITAL LLC., a Colorado limited liability company, d/b/a REAL ESTATE FROM ANYWHERE<br><br>Defendant. | Case No.: 3:19-cv-03382<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

1.   Plaintiff LAWRENCE PASCAL ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant JRX CAPITAL LLC d/b/a REAL ESTATE FROM ANYWHERE (Defendant "JRX") to stop their illegal practice of sending text messages to consumers' cell phones without their consent, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to itself and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

**NATURE OF THE ACTION**

2.   Defendant JRX sells real estate properties under the name REAL ESTATE FROM ANYWHERE.

3. Unfortunately, Defendant did not obtain consent prior to sending these texts and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that abuse of such equipment was not only a nuisance and an invasion of privacy to consumers specifically but was also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5. The TCPA targets unauthorized texts exactly like the ones alleged in this case, based on Defendants' use of technological equipment to spam consumers' cell phones.

6. By sending the texts at issue, Defendant has violated the privacy and statutory rights of Plaintiff and the Class.

7. Plaintiff therefore seeks an injunction requiring Defendant to stop its unconsented texting, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

8. Plaintiff LAWRENCE PASCAL is a natural person and is a citizen of the Northern District of California.

9. Defendant TRX is a limited liability company organizing and existing under the laws of the state of Colorado with its principal place of business at 5023 W 120th Ave #102, Broomfield, Colorado 80020.

## JURISDICTION AND VENUE

10. This Court has federal subject matter jurisdiction under 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, which is a federal statute.

11. This Court has personal jurisdiction over Defendants because they conduct business in this District and in the State of California and because the events giving rise to this lawsuit occurred in this District.

12. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendants regularly conduct business in the State of California and in this District, and because the wrongful conduct giving rise to this case occurred in this District.

## COMMON FACTUAL ALLEGATIONS

13. Defendant TRX sells real estate.

14. To increase their marketing efforts, Defendant texted hundreds or possibly thousands of phones at once.

15. Unfortunately, Defendants failed to obtain consent from Plaintiff and the Class before sending the text messages.

## FACTS SPECIFIC TO PLAINTIFF LAWRENCE PASCAL

16. On May 13, 2019, at 11:41 a.m., Plaintiff received a text from Defendant TRX and/or his agents from the phone number 901-350-5059.

17. The text message that Plaintiff received said "11.6 CAP, Cheap Cashflow w/ Easy Fix – Brick/Frame – 3bd/1ba, 1020sqft, Call Jason for details + pics.  901-350-5059."

18. Plaintiff never consented to receive text messages from Defendant.

## CLASS ALLEGATIONS

19. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of Plaintiff and a class defined as follows:

> **No Consent Class**.  All persons in the United States who: (1) from the last 4 years to present (2) received at least one text message; (3) on his or her cellular telephone; (4) that was texted using an automatic telephone dialing system; (5) for the purpose of promoting Defendant's services; (6) where Defendant did not have any record of prior express written consent to place such call at the time it was made.

20.     The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

21.     **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendants' records.

22.     **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited telephone calls.

23.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class.  Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

24.     **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

25.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may

affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    i.      Whether Defendants' conduct violated the TCPA;

    ii.     Whether Defendants' conduct violated the TCPA *willingly* and/or *knowingly*;

    iii.    Whether Defendants texted thousands of cell phones;

    iv.    Whether Defendants obtained prior written consent prior to texting any members of the Class;

    v.     Whether members of the Class are entitled to treble damages based on the knowingness or willfulness of Defendants' conduct.

26. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## CAUSE OF ACTION
## Violation of 47 U.S.C. § 227
## (On behalf of Plaintiff and the Class)

27. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

28. Defendants and/or their agents sent text messages to Plaintiff's and the Class members' cellular telephones without having their prior express written consent to do so.

29. Defendants used an automatic telephone dialing system as proscribed by 47 U.S.C. §227(b)(1)(A)

30. Defendants' calls were made for a commercial purpose.

31. As a result of its unlawful conduct, Defendants repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendants to stop their illegal calling campaign.

32. Defendants and/or its agent made the violating calls "*willfully*" and/or "*knowingly*" under 47 U.S.C. § 227(b)(3)(C).

33. If the court finds that Defendants *willfully* and/or *knowingly* violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff LAWRENCE PASCAL, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff LAWRENCE PASCAL as the Class representative and appointing Plaintiff's counsel as Class Counsel;

B. An order declaring that Defendants' actions, as set out above, violate the TCPA;

C. An order declaring that Defendants' actions, as set out above, violate the TCPA *willfully* and *knowingly*;

D. An injunction requiring Defendants to cease all unlawful text messages without first obtaining the recipients' prior express written consent to receive such texts, and otherwise protecting interests of the Class;

E. An award of actual damages and/or statutory fines and penalties;

F. An award of reasonable attorneys' fees and costs; and

G. Such other and further relief that the Court deems reasonable and just.

# JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: May 13, 2019

                                            Respectfully submitted,

                                            LAWRENCE PASCAL, individually and on behalf of all others similarly situated,

                                            By:  /s/ Mark L. Javitch                .
                                            Plaintiff's Attorney

                                            Mark L. Javitch (California SBN 323729)
                                            Javitch Law Office
                                            480 S. Ellsworth Ave.
                                            San Mateo CA 94401
                                            Tel: 650-781-8000
                                            Fax: 650-648-0705
                                            mark@javitchlawoffice.com

                                            *Attorney for Plaintiff and the Putative Class*