Kristapor Vartanian (SBN 275378)
kvartanian@kcozlaw.com
Ryan Watstein (admitted *pro hac vice*)
rwatstein@kcozlaw.com
**KABAT CHAPMAN & OZMER LLP**
333 S. Grand Avenue, Suite 2225
Los Angeles, CA 90071
Telephone: (213) 493-3980
Facsimile: (404) 400-7333

*Counsel for Defendant JRX Capital LLC*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| LAWRENCE PASCAL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>JRX CAPITAL LLC, a Colorado Liability Company, d/b/a REAL ESTATE FROM ANYWHERE,<br><br>Defendant. | Case No.: 4:19-cv-03382-HSG<br><br>Hon. Judge Haywood S. Gilliam, Jr.<br><br>**DEFENDANT JRX CAPITAL LLC'S NOTICE OF MOTION AND MOTION FOR SANCTIONS (INCLUDING REASONABLE ATTORNEYS' FEES AND COSTS) AGAINST PLAINTIFF AND/OR HIS COUNSEL PURSUANT TO RULE 11 OF THE FEDERAL RULES OF PROCEDURE AND 28 U.S.C. § 1927; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*Declarations of Ryan D. Watstein and Robert T. Swanson filed, and proposed order lodged, concurrently herewith*]<br><br><u>Hearing</u><br><br>Date:          February, 20, 2020<br>Time:          2:00 p.m.<br>Location:     Courtroom 2 (4th Floor)<br>                   1301 Clay Street<br>                   Oakland, CA 94162 |

1  **NOTICE OF MOTION AND MOTION FOR SANCTIONS**

2  **TO THE COURT AND TO ALL PARTIES OF RECORD HEREIN:**

3         PLEASE TAKE NOTICE that on February 20, 2020 at 2:00 p.m., in Courtroom 2 (4th

4  Floor) of the above-captioned Court, located at Ronald V. Dellums Federal Building and United

5  States Courthouse, 1301 Clay Street, Oakland, California 94162, Defendant JRX Capital, LLC

6  ("JRX") will, and hereby does, move the Court for an Order sanctioning Plaintiff and/or his

7  counsel under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. Section 1927, and the

8  Court's inherent authority for filing a frivolous claim without sufficient investigation and then

9  continuing to litigate such a claim in the absence of a good-faith basis to proceed.[1]   The

10 sanctions JRX seeks include reasonable attorney' fees and costs.

11        In short, Plaintiff filed his Complaint[2] based on a guess that JRX violated the Telephone

12 Consumer Protection Act ("TCPA") by sending him a single text message with an automatic

13 telephone dialing system ("ATDS").  JRX provided Plaintiff documentation and binding legal

14 authority conclusively establishing that Plaintiff's guess was wrong and that JRX did not text

15 Plaintiff with an ATDS.  Nonetheless, Plaintiff has continued to litigate this frivolous putative

16 class action lawsuit against JRX.

17        This Motion is based upon this Notice of Motion and Motion for Sanctions, the

18 Memorandum of Points and Authorities in support of same, the Declarations of Ryan D.

19 Watstein and Robert T. Swanson (all filed concurrently herewith), the complete file and record

20 in this action, and such further and other matters as the Court may allow.

21 Dated:  September 27, 2019

22                                       **KABAT CHAPMAN & OZMER LLP**

23

---

24 [1] JRX complied with Rule 11(c)(2) of the Federal Rules of Civil Procedure by waiting 21 days after service of this motion before filing it.

25

26 [2] JRX served this motion before Plaintiff filed his First Amended Complaint.  (D.E. 20.)  To fully comply with the notice and safe harbor requirements of Rule 11, JRX has not included additional

27 argument with respect to Plaintiff's Amended Complaint, which <u>still</u> alleges that JRX used an ATDS in violation of the TCPA and is thus equally inappropriate.  JRX will address the Amended

28 Complaint further on Reply.

---

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

By: /s/ Ryan D. Watstein
    Ryan D. Watstein
    (admitted *pro hac vice*)
    Kristapor Vartanian

    *Attorneys for Defendant JRX Capital, LLC*

1

2

TABLE OF CONTENTS

3       MEMORANDUM OF POINTS & AUTHORITIES ............................................................1

4       I.      STATEMENT OF ISSUES TO BE DECIDED ...............................................1

5       II.     INTRODUCTION...............................................................................................1

6       III.    FACTUAL BACKGROUND .............................................................................2

7               A.      JRX's CRM Platform, FreedomSoft. ....................................................2

                B.      Plaintiff Files his Complaint, Baldly Alleging JRX Sent Him One Message
8                       with an ATDS, Without Performing any Investigation to Support that
                        Allegation. .............................................................................................2

9               C.      JRX Provides Plaintiff and His Counsel Sworn Testimony and Publicly
                        Available Video Demonstrations Proving FreedomSoft Lacks the Capacity to
10                      Text or Dial Telephone Numbers Automatically. ..................................3

11      IV.     ARGUMENT ......................................................................................................5

12              A.      Standard..................................................................................................5

                B.      Because Plaintiff and His Counsel Continued to Litigate, in Bad Faith, a TCPA
13                      Claim That is Foreclosed as a Matter of Law, Sanctions Are Warranted. ............5

14                      1.      FreedomSoft is not an ATDS under *Marks v. Crunch* because it lacks
                                the capacity to "dial stored numbers automatically." ...............................6

15                      2.      No Court Has Ever Held that a Click-to-Dial System like FreedomSoft
16                              Qualifies as an ATDS..............................................................................8

17      V.      CONCLUSION ...................................................................................................9

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS & AUTHORITIES

### I.   STATEMENT OF ISSUES TO BE DECIDED

1.   Should the Court sanction Plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and its inherent power to sanction for continuing to litigate a Telephone Consumer Protection Act ("TCPA") claim against JRX Capital, LLC ("JRX") after learning it has no legal or factual basis and is thus frivolous as a matter of law?

### II.   INTRODUCTION

It is not illegal to send text messages.  Rather, the TCPA, in relevant part, prohibits sending certain types of text messages with an "automatic telephone dialing system" ("ATDS")— defined by the Ninth Circuit as a device that has "the capacity to ***dial*** stored numbers ***automatically***."  *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018) (emphasis added); *id.* ("Congress made clear that it was targeting equipment that could engage in automatic ***dialing***.") (emphasis original).

In this case, Plaintiff—the brother of a lawyer at Plaintiff's firm—filed a TCPA lawsuit against JRX without any investigation and based on the guess that the single text he received from JRX was sent with an ATDS.  Plaintiff's guess was wrong, a fact he now definitively knows, but he has nonetheless continued to litigate this class action.

Indeed, as soon as Plaintiff filed suit, JRX provided him with sworn testimony and publicly-available video tutorials showing that JRX's customer relationship management ("CRM") platform—FreedomSoft, which was used to send the message at issue—lacks the capacity to dial numbers automatically.  Instead, as JRX and FreedomSoft's CEO explained, it requires the user to ***manually*** send each and every message, one by one, and was designed this way to ensure compliance with the TCPA.  And in addition to providing Plaintiff with the seminal Ninth Circuit decision compelling the conclusion that FreedomSoft is not an ATDS, JRX also provided Plaintiff with authority showing that ***no court has ever held*** that a click-to-dial system like FreedomSoft qualifies as an ATDS.

Plaintiff, however, ignored this evidence and authority, spurned JRX's repeated requests for voluntarily dismissal, and argued that an ATDS need not "have the capacity to dial stored

numbers automatically," notwithstanding binding Ninth Circuit authority holding otherwise. *Id.* at 1052. By taking this legally unjustifiable position, Plaintiff has forced JRX, a small company, to incur the significant expense of defending a legally and factually meritless putative class action lawsuit. This abuse of the judicial process cannot stand.

Accordingly, JRX requests this Court enter an order sanctioning Plaintiff and his counsel under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. Section 1927, and the Court's inherent power for continuing to litigate a claim that is foreclosed by all legal authority and frivolous as a matter of law.

## III.   FACTUAL BACKGROUND

### A.   JRX's CRM Platform, FreedomSoft.

JRX utilizes the FreedomSoft CRM platform for, among other things, communicating with current and potential customers via SMS text message. (Declaration of Robert T. Swanson, attached hereto as Exhibit A ("Swanson Decl.") at ¶ 4.) When text messaging with FreedomSoft, the user can either draft a single message or cue up multiple messages via FreedomSoft's "broadcast" feature. (*Id.*) Regardless of how the user prepares a text message, however, no message can be sent with FreedomSoft unless the user manually presses "Send SMS" for each and every message, one by one. (*Id.* at ¶ 7.) FreedomSoft cannot send multiple messages at once and cannot send more than one message at a time. (*Id.* at ¶ 6.) FreedomSoft was intentionally designed this way to ensure compliance with the TCPA. (*Id.* at ¶¶ 5, 8.)

Tutorial videos showing all of this, and making clear that no number can ever be dialed automatically, are publicly available at: https://freedomsoft.com/. (*Id.* at ¶ 8.)

### B.   Plaintiff Files his Complaint, Baldly Alleging JRX Sent Him One Message with an ATDS, Without Performing any Investigation to Support that Allegation.

On June 13, 2019, Plaintiff filed his Complaint, alleging that JRX sent him one text message, on May 13, 2019, with an ATDS in violation of 47 U.S.C. Section 227(b)(1)(A) of the TCPA. (*Id.* at ¶¶ 16–18, 28–33.) Plaintiff's Complaint does not contain any factual support for why he believes JRX used an ATDS. (*Id.* at ¶¶ 16–18.) Nonetheless, he seeks to represent a

class of similarly-situated persons and seeks millions of dollars of damages from JRX, an amount that would bankrupt the small company.

### C. JRX Provides Plaintiff and His Counsel Sworn Testimony and Publicly Available Video Demonstrations Proving FreedomSoft Lacks the Capacity to Text or Dial Telephone Numbers Automatically.

On August 9, 2019, JRX sent Plaintiff and his counsel correspondence explaining that FreedomSoft lacks the capacity to dial numbers automatically and requesting that Plaintiff dismiss his Complaint.  (Declaration of Ryan D. Watstein, attached hereto as Exhibit B ("Watstein Decl.") at ¶ 2.)  In the letter, JRX explained that FreedomSoft utilizes a click-to-send mechanism to manually send each message, one at a time.  (Exhibit 1 to Watstein Decl. at 1.)  JRX also explained that FreedomSoft was designed to be incapable of automatically sending messages to a list of numbers.  (*Id*.)  To evidence all this, JRX attached a sworn statement from the CEO of FreedomSoft.  (*Id*. at 2.)  That sworn statement not only clarified how FreedomSoft operates, but also confirmed that the text message referenced in Plaintiff's Complaint was sent with FreedomSoft.  (*Id*.)

In response, Plaintiff and his counsel refused to dismiss, asserting that FreedomSoft is an ATDS because it could somehow automatically send text messages, apparently because counsel failed to actually watch the tutorial videos JRX provided.  (Exhibit 2 to Watstein Decl. at 8.)  To this point, Plaintiff first explained—without citation to fact or authority and in direct contravention of the evidence JRX provided—that FreedomSoft "appears to have the capability to send mass texts and voicemails, or under Marks [sic], to store numbers and dial them automatically." (*Id*.)  After JRX requested that Plaintiff's counsel provide factual support for that statement, Plaintiff's counsel explained:

> Freedom Soft [*sic*] software demo clearly shows that it has the capacity to store numbers, group them and prepare and execute a text message en masse [via "broadcast"].  I point you to the *Marks* case. . . . [where] the court examined a software called "Textmunication[,]" [which] was described in the case as: " . . . the Textmunication system will automatically send the desired messages to stored phone numbers"

(*Id*. at 5–6.)

JRX subsequently informed Plaintiff that: (a) *Marks* turned on the fact that the system at issue in that case "***automatically*** sen[t] desired messages"; and (b) the video demonstration (at the 9:26 and 9:33 marks) clearly shows that each message must be sent ***individually*** by pressing "Send SMS," including with the "broadcast" feature.  (*Id.* at 3–4.)  JRX also provided Plaintiff and his counsel with authority showing that no court has ever held that a click-to-dial system like FreedomSoft qualifies as an ATDS.  (*Id.* at 1–2.)

Realizing the folly of his prior arguments, Plaintiff's counsel then changed his story, asserting that even though FreedomSoft cannot dial automatically, it is still an ATDS because it has other allegedly "automatic" features, whatever that means.  (*Id.* at 2–3.)  In purported "support" of his argument, Plaintiff's counsel nonsensically quoted the portion of *Marks* where the Ninth Circuit explained that equipment must be capable of "automatic ***dialing***" in order to qualify as an ATDS:

> The court in Marks "reject[ed] Crunch's argument that a device cannot qualify as an ATDS unless it is fully automatic, meaning that it must operate without any human intervention whatsoever.  **By referring to the relevant device as an "automatic telephone dialing system," congress made clear that it was targeting equipment that could engage in automatic *dialing* . . .**

(*Id.* at 3) (emphasis added).)

After JRX's numerous requests for Plaintiff to voluntarily dismiss his frivolous Complaint, JRX had no choice but to take the admittedly drastic[3] step of preparing this motion for sanctions.  Had it not done so, JRX (a small company) would have been forced to incur the crushing expense of defending a class action claim that is foreclosed not just by binding Ninth Circuit authority, but by <u>all</u> legal precedent that has examined the issue.

Following Plaintiff's refusal to dismiss, JRX served Plaintiff a copy of the instant motion and then waited twenty-one (21) days before filing it.  (Watstein Decl. at ¶ 4.)

---

[3] The undersigned counsel has defended approximately 100 TCPA lawsuits and this is the first time he has ever had to file a Rule 11 motion.  The undersigned has also handled many cases involving click-to-dial systems, like FreedomSoft.  The plaintiffs in every such case have voluntarily dismissed when provided with even *less* information than what JRX provided Plaintiff here.

# IV.   ARGUMENT

## A.   Standard

Federal Rule of Civil Procedure 11 requires the attorney signer to certify that each filing has "evidentiary support" and is otherwise warranted by "non-frivolous argument." *See Castillo-Antonio v. Iqbal*, No. 14-CV-03316-KAW, 2016 WL 5957619, at *2 (N.D. Cal. Oct. 14, 2016). 28 U.S.C. Section 1927 likewise prohibits an attorney from multiplying proceedings by "recklessly or intentionally" raising "frivolous argument." *See In re Girardi*, 611 F.3d 1027, 1061 (9th Cir. 2010).  Sanctions under both Rule 11 and Section 1927—including¸ *inter alia*, attorneys' fees and costs—"must be imposed" if claims or arguments are premised on frivolous arguments.[4]  *See Zaldivar v. City of Los Angeles*, 780 F.2d 823, 832 (9th Cir. 1986) (concerning Rule 11 sanctions); *see also In re Girardi*, 611 F.3d at 1061 (concerning sanctions under 28 U.S.C. Section 1927).

This is especially true where one party fails to voluntarily dismiss an action after learning it was frivolous.  *See, e.g.*, *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 835 (6th Cir. 2005) (upholding award of sanctions, including attorneys' fees, where the plaintiff's attorney "prolonged the inevitable at a cost to [defendant] by refusing to voluntarily dismiss the [frivolous] count and forcing [defendant] to pursue a dispositive motion in order to have the claim dismiss[ed]."); *Goel v. Coal. Am. Holding Co.*, No. CV 11-02349 JGB (EX), 2013 WL 12122302, at *7 (C.D. Cal. Feb. 26, 2013) (awarding sanctions where plaintiff "refused to dismiss" and "continued to allege this frivolous claim.")

## B.   Because Plaintiff and His Counsel Continued to Litigate, in Bad Faith, a TCPA Claim That is Foreclosed as a Matter of Law, Sanctions Are Warranted.

JRX provided Plaintiff sworn testimony and publicly-available video demonstrations conclusively showing that FreedomSoft utilizes a click-to-send mechanism to individually send

---

[4] Additionally, a court may impose similar sanctions pursuant to its inherent powers where a party has "acted in bad faith, vexatiously, or for oppressive reasons."  *Robinson v. Chefs' Warehouse*, No. 3:15-CV-05421-RS(KAW), 2017 WL 1064981, at *3 (N.D. Cal. Mar. 21, 2017) *on reconsideration*, 2017 WL 2617905 (N.D. Cal. June 16, 2017) (cits. omitted).

messages and cannot dial numbers automatically, which is required to be an ATDS. Nevertheless, Plaintiff ignored the evidence, misrepresented binding authority, and continued to assert that JRX texted him with an ATDS in violation of the TCPA. The Court should sanction Plaintiff and his counsel under Rule 11, 28 U.S.C. Section 1927, and the Court's inherent authority because Plaintiff's arguments are foreclosed by binding precedent and thus frivolous as a matter of law.

1. FreedomSoft is not an ATDS under *Marks v. Crunch* because it lacks the capacity to "dial stored numbers automatically."

The Ninth's Circuit's holding in *Marks v. Crunch* is clear: "we read [the TCPA] to provide that term 'automatic telephone dialing system" means equipment that has capacity [ ]to store numbers to be called . . .*and to **dial** such numbers **automatically***." *Marks*, 904 F.3d at 1053 (emphasis added). There, the Ninth Circuit was tasked with determining whether defendant's texting platform ("Textmunication") qualified as an ATDS. *Id.* Unlike here, the "Textmunication" platform did not require human intervention at the point of dialing. *Id*. at 1048. Rather, the defendant's platform would "***automatically*** send the desired messages to the stored phone numbers at a time scheduled by the client." *Id.*

Citing that capacity, the *Marks* court reasoned that because "the Textmunication system ***dials*** numbers ***automatically***. . . it has the automatic dialing feature to qualify as an ATDS." *Id.* at 1053. More importantly, the court further explained that *every* ATDS must have the capacity to "dial numbers automatically":

> By referring to the relevant device as an "***automatic*** telephone ***dialing*** system," Congress made clear that it was targeting equipment that could engage in automatic dialing, rather than equipment that operated without any human oversight or control. 47 U.S.C. § 227(a)(1) (emphasis added); *see ACA Int'l*, 885 F.3d at 703 (" '[A]uto' in autodialer—or, equivalently, 'automatic' in 'automatic telephone dialing system,' 47 U.S.C. § 227(a)(1)—would seem to envision non-manual dialing of telephone numbers.")

*Id.* (emphasis original).

Here, by contrast, FreedomSoft is incapable of automatically dialing numbers from a stored list. (Swanson Decl. at ¶¶ 4–7.) Instead, FreedomSoft utilizes a click-to-dial mechanism

that requires each text message be **_manually sent_**, **_one-by-one_**, to a specific number.  (*Id.*)  As such, FreedomSoft is nothing like the "Textmunication" system in *Marks*, which "automatically sen[t] the desired messages to the stored numbers" at the same time, without the need for a human being to do anything but turn on the system.  *See Marks*, 904 F.3d at 1048.

Thus, Plaintiff's argument that FreedomSoft is somehow an ATDS under *Marks* is frivolous because it blatantly misrepresents both fact and law.  As to fact, Plaintiff initially claimed that FreedomSoft "appears to have the capability to send mass texts and voicemails, or under *Marks* to store numbers and dial them automatically."  (Exhibit 2 to Watstein Decl. at 8.)  Plaintiff not only has no support for that statement, it is plainly contradicted by sworn testimony from the CEO of FreedomSoft and publicly available video demonstrations depicting exactly how the FreedomSoft platform functions.  (Exhibit 1 to Watstein Decl. at 2; Swanson Decl. at ¶¶ 4–8.)  In fact, when faced with this evidence, Plaintiff and his counsel changed positions, arguing that FreedomSoft is an ATDS not because it can dial automatically, but because it has other purported "automatic" features, whatever that means.  (Exhibit 2 to Watstein Decl. at 2–3.)  This, of course, misrepresents the law.  As the above quote[5] makes clear, the Ninth Circuit unquestionably held in a binding, published opinion that "**_automatic_** telephone **_dialing_** system" means "equipment that could engage in **_automatic dialing_**."  *Marks*, 904 F.3d at 1053 (emphasis original).  Thus, whether FreedomSoft, a CRM platform with many functions, has other automatic features is immaterial—it is not an ATDS because it lacks the necessary capability to dial telephone numbers automatically.

Plaintiff's frivolous argument that the Ninth Circuit in *Marks* did not mean what it said warrants sanctions under Rule 11, Section 1927, and the court's inherent authority.  *See, e.g.*, *Robinson*, 2017 WL 1064981, at *3 (imposing sanctions because plaintiff's attorney "recklessly and intentionally misled the court" by raising frivolous arguments); *see also Andretti*, 426 F.3d

---

[5] Ironically, Plaintiff cited that very quote to support his argument that FreedomSoft is an ATDS under *Marks* even though FreedomSoft cannot send text messages automatically. (Exhibit 1 to Watstein Decl. at 2; Swanson Decl. at ¶¶ 4–8.)

1     at 835 (upholding award of attorneys' fees and costs as sanctions "because plaintiffs failed to

2     voluntarily dismiss" claims that were frivolous); *Goel*, 2013 WL 12122302, at \*7 (same).

3                          2.    <u>No Court Has Ever Held that a Click-to-Dial System like FreedomSoft</u>

4                                  <u>Qualifies as an ATDS.</u>

5         Setting aside that *Marks* is binding and dispositive here, the frivolous nature of Plaintiff's

6     claim against JRX is only underscored by the fact that **no court has ever held that a click-to-**

7     **dial system like FreedomSoft qualifies as an ATDS**. *See Collins v. Nat'l Student Loan*

8     *Program*, 360 F. Supp. 3d 268, 273 (D.N.J. 2018) ("***every court*** to examine this issue has held

9     that the clicker agent's role prevents the system from qualifying as an ATDS under the [TCPA].")

10    (emphasis added) (decided post-*Marks* and collecting cases); *see also Fleming v. Associated*

11    *Credit Servs., Inc.*, 342 F.Supp.3d 563, 578 (D.N.J. 2018) ("[t]he action of the 'clicker agent' . .

12    . constitutes enough 'human intervention' to bring the system outside the statutory definition of

13    an ATDS"); *Marshall v. CBE Grp., Inc.*, No. 2:16-cv-02406, 2018 WL 1567852, at \*7 (D. Nev.

14    Mar. 30, 2018) ("the overwhelming weight of authority applying this element hold that 'point-

15    and-click' dialing systems . . . do not constitute an ATDS as a matter of law in light of the clicker

16    agent's human intervention"); *Pozo v. Stellar Recovery Collection Agency, Inc.*, No. 8:15–cv–

17    929, 2016 WL 7851415, \*3 (M.D. Fla. 2016) ("Dialing systems which require an agent to

18    manually initiate calls do not qualify as autodialers under the TCPA").[6]

19        Had Plaintiff and his counsel performed even the most cursory review of the relevant legal

20    authority—including reading the Ninth Circuit's binding decision on point—and the

21    documentation concerning FreedomSoft, the complete absence of any factual or legal support for

---

22

[6] Several other courts have also held that systems that utilize click-to-dial functions and/or human

23 intervention at the point of dialing do not qualify as an ATDS. *See, e.g.*, *Schlusselberg v. Receivables Performance Mgmt.*, LLC, No. CV 15-7572, 2017 WL 2812884, at \*3 (D.N.J. June

24 29, 2017); *Hatuey v. IC Sys., Inc.*, No. 1:16-cv-12542, 2018 WL 5982020, at \*7 (D. Mass. Nov.

25 14, 2018) (holding that the act of the clicker agent "alone disqualifies the [click-to-dial] system as an ATDS under the TCPA"); *Smith v. Stellar Recovery, Inc.*, No. 15-cv-117172017, WL

26 1336075, at \*5 (E.D. Mich. Feb. 7, 2017), *report and recommendation adopted*, 2017 WL 955128 (E.D. Mich. Mar. 13, 2017) (holding defendant's system is not an ATDS because "human

27 intervention—the function of the clicker agents—is clearly required"); *Arora v. Transworld Sys. Inc.*, No. 15-cv-4941, 2017 WL 3620742, at \*3 (N.D. Ill. Aug. 23, 2017) (holding that defendant's

28 system is not an ATDS because it requires "direct human intervention to initiate" every call).

his single TCPA claim would have been readily apparent.  Because FreedomSoft requires that each message be sent manually, one at a time, it cannot qualify as an ATDS under any definition as a matter of law.

## V.   CONCLUSION

The gravity of the relief sought herein is not lost on JRX.  As indicated above, counsel for JRX has defended approximately 100 TCPA cases, including many involving click-to-dial systems like FreedomSoft, and has never had to seek Rule 11 sanctions.  But here, Plaintiff's and his counsel's willful ignorance of the facts and blatant misrepresentation of binding authority has forced JRX to incur significant expense defending a putative class action lawsuit and preparing this motion.  Plaintiff's bad-faith conduct and abuse of the judicial process mandates sanctions.

Accordingly, pursuant to Rule 11 of the Federal Rules of Civil Procedure,  28 U.S.C. Section 1927, and the Court's inherent authority, JRX respectfully requests the Court award it: (a) reasonable attorneys' fees and costs incurred responding to Plaintiff frivolous claim; (b) reasonable attorneys' fees and costs incurred in preparing the instant motion for sanctions; and (c) any other and further awards the Court deems sufficient to deter future comparable conduct.

Dated: September 27, 2019                              **KABAT CHAPMAN & OZMER LLP**

By: /s/ *Ryan D. Watstein*
      Ryan D. Watstein
      (admitted *pro hac vice*)
      Kristapor Vartanian

      *Attorneys for Defendant JRX Capital LLC*

1

## PROOF OF SERVICE

2

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

3

4

  I am employed in Atlanta, Georgia; I am over the age of 18 and not a party to the within action; my business address is 171 17th Street NW Suite 1550. Atlanta, GA 30363.

5

6

7

8

  On September 27, 2019, I served the foregoing document(s) **DEFENDANT JRX CAPITAL LLC'S NOTICE OF MOTION AND MOTION FOR SANCTIONS (INCLUDING REASONABLE ATTORNEYS' FEES AND COSTS) AGAINST PLAINTIFF AND/OR HIS COUNSEL PURSUANT TO RULE 11 OF THE FEDERAL RULES OF PROCEDURE AND 28 U.S.C. § 1927; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es): SEE ATTACHED LIST

9

10

11

12

13

14

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Atlanta, Georgia.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

15

16

☒ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

17

18

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

19

20

  Executed on September 27, 2019, at Atlanta, Georgia.

21

         /s/ Ryan D. Watstein

22

         ———————————
         Ryan D. Watstein

23

24

25

26

27

28

1

2                                    **SERVICE LIST**

3   Mark L Javitch
    **Javitch Law Office**
4   480 S. Ellsworth Ave
    San Mateo, CA 94401
5   Telephone: 650-781-8000
    Facsimile: 650-648-0705
6   mark@javitchlawoffice.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| 5  LAWRENCE PASCAL, Individually and On<br>6  Behalf of All Others Similarly Situated,<br><br>7                                                  Plaintiff,<br><br>8  vs.<br><br>9  JRX CAPITAL LLC, a Colorado Liability<br>10 Company, d/b/a REAL ESTATE FROM<br>   ANYWHERE, et al,<br>11<br>                                                Defendant.<br>12<br>13<br>14 | Case No.: 4:19-cv-03382-HSG<br><br>Hon. Judge Haywood S. Gilliam, Jr.<br><br>**[PROPOSED] ORDER GRANTING<br>DEFENDANT JRX CAPITAL LLC'S<br>MOTION FOR SANCTIONS**<br><br>Hearing:<br><br>Date:        February 20, 2020<br>Time:       2:00 p.m.<br>Location:   Courtroom 2 (4th Floor)<br>               1301 Clay Street<br>               Oakland, CA 94162 |

15    This matter came before the Court on Defendant JRX Capital LLC's ("Defendant")

16 Motion for Sanctions.  Having considered all papers submitted and arguments made by counsel,

17 the Court hereby **GRANTS** the relief requested by Defendant.

18        **IT IS HEREBY ORDERED THAT** Defendant's Motion for Sanctions is **GRANTED**.

19 Sanctions will be imposed on Plaintiff Lawrence Pascal and his counsel, Javitch Law Office

20 (jointly and severally) upon Defendant providing appropriate fee information to the Court.

21        Therefore, Defendant is **DIRECTED** to submit to the Court a bill of reasonable

22 attorneys' fees and costs it incurred responding to Plaintiff's suit.

23

24

25 Dated: _____                    _____

26                                                Honorable Haywood S. Gilliam, Jr.
                                                United States District Court Judge

27

28

1

2

**<u>PROOF OF SERVICE</u>**

**UNITED STATES DISTRICT COURT**
3
**NORTHERN DISTRICT OF CALIFORNIA**

4
      I am employed in Atlanta, Georgia; I am over the age of 18 and not a party to the within
5
action; my business address is 171 17th Street NW Suite 1550. Atlanta, GA 30363.

6
      On September 27, 2019, I served the foregoing document(s) **[PROPOSED] ORDER
GRANTING DEFENDANT JRX CAPITAL LLC'S MOTION FOR SANCTIONS** on the
interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each
7
of said interested parties at the following address(es): SEE ATTACHED LIST

8
☐    **(BY MAIL)** I am readily familiar with the business practice for collection and processing
9
      of correspondence for mailing with the United States Postal Service.  This
10
      correspondence shall be deposited with the United States Postal Service this same day in
      the ordinary course of business at our Firm's office address in Atlanta, Georgia.  Service
11
      made pursuant to this paragraph, upon motion of a party served, shall be presumed
12
      invalid if the postal cancellation date of postage meter date on the envelope is more than
      one day after the date of deposit for mailing contained in this affidavit.
13

14
☒    **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be
      electronically filed using the Court's Electronic Filing System which constitutes service
15
      of the filed document(s) on the individual(s) listed on the attached mailing list.

16
☒    (Federal) I declare that I am employed in the office of a member of the bar of this court at
17
      whose direction the service was made. I declare under penalty of perjury that the above is
      true and correct.
18

19
      Executed on September 27, 2019, at Atlanta, Georgia.

20
                               /s/ Ryan D. Watstein
21
                               ————————————
22
                               Ryan D. Watstein

23

24

25

26

27

28

1

2
**SERVICE LIST**

3
Mark L Javitch (SBN 323729)

**Javitch Law Office**

4
480 S. Ellsworth Ave

San Mateo, CA 94401

5
Telephone: 650-781-8000

Facsimile: 650-648-0705

6
mark@javitchlawoffice.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28